Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Mozella Mobley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Mozella Mobley**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Hatfield Portfolio Group, LLC**, **d/b/a Harbinger Processing Group**, a limited liability company<br><br>Defendant. | Case No. **'14CV1302 H    BLM**<br><br>**Verified Complaint for Damages**<br><br>Jury Trial Demanded |

### Introduction

1.  Mozella Mobley ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Hatfield Portfolio Group, LLC, d/b/a Harbinger Processing Group ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.  For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendants transact business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency and a New York limited liability company operating from an address of 2390 N. Forest Rd., Getzville, NY 14068-1294, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages

in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

11. At all times relevant, Plaintiff was an individual residing within the State of California.

12. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that Dylan Walker, Luis Gomez, Anthony Rossi, Adam Ward, James Drew, and Susan Hayward are natural persons who were employed at all times relevant herein by Defendant as collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6), but whose true names are unknown.

14. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Plaintiff is a natural person who allegedly incurred financial obligations for a personal loan, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

15. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. The alleged debts incurred by Plaintiff were for personal, family, or household purposes, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

16. Plaintiff fell behind and defaulted on the payments allegedly owed on the alleged debt.

17. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind in payments of the alleged debt, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

18. Defendant's various communications with Plaintiff including Defendant's repeated and willful calls to Plaintiff's cell phone, voicemails, and calls and communications with Plaintiff's sister outlined in this Complaint were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

### *Illegal Auto-Dialed Collection Calls*

19. At all times relevant to this Complaint, Plaintiffs were "person[s]" as defined by 47 U.S.C. § 153(39).

20. At all times relevant to this Complaint, Plaintiff was and is a subscriber to cellular telephone services within the United States.

21. At all times relevant to this Complaint, Plaintiff's service included one cellular telephone and number.

22. At all times relevant to this Complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

23. The collection attempts and communications to Plaintiff by Defendant and other collection agents employed by Defendant, violated the TCPA and multiple provisions of the FDCPA.

24. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents called Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

25. The "caller ID" on Plaintiff's cellular phone indicated that the Defendant made calls to Plaintiff from various phone numbers, including (716) 362-0320, (855) 208-3672, (716) 677-4883, (757) 963-7007, (716) 245-7044, (716) 245-7054, and (866) 761-3025.

26. Without the prior express consent from Plaintiff, Defendant and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, more than thirty (30) times.

27. All calls and messages were sent in willful violation of the TCPA and FDCPA as Defendant never obtained prior express consent from Plaintiff, and had no basis to believe that they had prior express consent from Plaintiff.

28. Upon good faith information and belief, Defendant employed the use of a predictive dialer in making all or some of the calls complained of herein as Plaintiff received numerous pre-recorded voicemails on her cell phone.

29. Plaintiff never provided her cellular telephone number to Defendant or its collectors.

30. Defendant's actions constituted unauthorized use of, and interference with Plaintiff's cellular telephone service associated with the number ending in 9320 for which Plaintiff paid money.

31. Plaintiff was charged money for each call Defendant made to Plaintiff's cellular phone.

32. Plaintiff felt frustrated and helpless as a result of the calls. The calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal life.

33. Defendant's engagement in illegal conduct to collect a debt, namely placing calls in violation of the TCPA is unfair and unconscionable and therefore violates 15 U.S.C. § 1692f.

34. The natural consequence of Defendant's illegal and repetitious calls, was to harass, oppress, or abuse Plaintiff and therefore violates 15 U.S.C. §§ 1692d and 1692d(5).

35. The illegal and repetitious calls placed by Defendant in attempting to collect a debt were by their very nature unreasonable, unusual, and inconvenient to Plaintiff and violate 15 USC § 1692c(a)(1).

36. In violating 15 U.S.C §§ 1692f, 1692d, 1692d(5), and 1692c(a)(1), Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *Calls to Plaintiff's Sister*

37. On September 25, 2013, at approximately 12:33 PM, Pacific Standard Time, Plaintiff received a missed call on her cell phone from Defendant.

38. On September 25, 2013 at approximately 2:39 PM, Central Standard Time, Defendant called and spoke with Patsy Mobley ("Patsy"), Plaintiff's sister and a third party as that term is addressed in 15 U.S.C § 1692c(b).

39. During the conversation, the caller identified himself as Dylan Walker. He stated that he was calling in regards to Plaintiff. Mr. Walker said that he had Plaintiff's social security number and date of birth, that Plaintiff was in a whole world of trouble, and that he was trying to save her. Mr. Walker asked Patsy to have Plaintiff call him back at (716) 245-7044 and that he would hold Patsy accountable for delivering the message.

40. On or around November 15, 2013, Patsy received several more calls from Defendant.

41. According to 15 U.S.C. § 1692c(b) a debt collector's communication with a third party, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without the prior consent of the consumer given directly to the debt

collector, or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy is prohibited.

42. 15 U.S.C § 1692b carves out an exception to 15 USC § 1692c(b) permitting debt collectors to communicate with any person other than the consumer for the purpose of acquiring location information.

43. "Location information" as defined in 15 U.S.C. § 1692a(7), is a consumer's place of abode, her telephone number at such place, or her place of employment.

44. 15 USC § 1692b(3) prohibits a debt collector from communicating with a third party for the purposes of acquiring location information more than once.

45. Defendant did not have Plaintiff's prior consent to communicate with her sister Patsy.

46. Defendant's communication with Patsy was not an attempt to acquire Plaintiff's location information.  Defendant already had Plaintiff's location information as Defendant called Plaintiff minutes before calling Patsy.  Defendant never asked for Plaintiff's address, telephone number, or her place of employment.  Defendant's intention in communicating with Patsy was for her to deliver a message to Plaintiff and induce a return call from Plaintiff.

47. Defendant communicated with Patsy more than once.

48. Accordingly, Defendant's actions violate 15 USC §§ 1692c(b), 1692b, and 1692b(3) and in doing so, also violate Cal. Civ. Code § 1788.17.

49. Defendant contacted and communicated with Plaintiff's sister and used deception, fear, intimidation, social pressure, embarrassment, and shame as a method to collect a debt.  Defendant did this by revealing to Patsy that Defendant had Plaintiff's social security number and date of birth and that Plaintiff was in a whole world of trouble.  Defendant then threatened Patsy by stating that he would hold Patsy accountable for delivering the message.  Defendant understood that

leaving such an intimidating and urgent message with Patsy would drive Patsy to deliver the message out of concern for Plaintiff.  Defendant also understood that upon receiving the message, Plaintiff would be scared, embarrassed, and ashamed and fearful of whom Defendant would call next.  Defendant anticipated that such methods would induce a call from Plaintiff and a collection of the alleged debt.

50.     Defendant's tactics had a significant impact on Plaintiff.  Upon receiving the message from Patsy, Plaintiff was embarrassed, ashamed, stressed out, and extremely anxious resulting in sleepless nights, difficulty concentrating at work, nausea, and feeling fatigued during her daily activities.  Plaintiff was terrified as to whom Defendant would call next.

51.     Defendant's conduct described above resulted in the oppression and abuse of Plaintiff and her sister Patsy and violates 15 USC § 1692d.

52.     Defendant's conduct described above was an unfair and unconscionable means to collect or attempt to collect a debt and violates 15 USC § 1692f.

53.     Defendant's conduct described above was a deceptive method to collect or attempt to collect a debt or obtain information concerning a consumer and therefore violates 15 USC § 1692e(10).

54.     In violating 15 U.S.C §§ 1692d, 1692f, and 1692e(10), Defendant's actions also violated Cal. Civ. Code § 1788.17.

*Defendant's Voicemails*

55.     On or around October 30, 2013, Defendant left a voicemail message on Plaintiff's cell phone.  The complete transcription of that message is as follows:

> "Hello my name is Luis Gomez, I'm with Harbinger Processing Group, we're contacting you in regards to a matter that has remained unaddressed in our office for quite some time.  I'm going to need to hear back from you in the next twenty four hours otherwise a decision will be made on your behalf.  Contact us immediately at 888 284-7795.  Your file number is 330536.  Thank you."

56.  On or around November 29, 2013, Plaintiff left a voicemail message on Plaintiff's cell phone. The complete transcription of that message is as follows:

> "This is Anthony Rossi, I'm calling from Harbinger Processing Group for Mozella Mobley. I received a file here on my desk today regarding your name and social security number. The file number that was attached here is 330-536. And I do want to explain to you what is being alleged against you and get your side of the story in the event your statement differs I then intend to work this out with you versus making a decision on your behalf. You can contact me here today at area code 716 362-0320. And again that file number when calling in is 330-536. Thank you."

57.  Defendant left Plaintiff numerous voicemails on her cell phone between January 2014 and April 2014. The complete transcriptions of those messages are as follows:

> "This message is solely intended for Mozella Mobley. I do apologize for any inconvenience but this contact information has been left on a matter pertaining to Mozella. Please return my call if you get this information into your hands as soon as possible as this is a time sensitive matter. I can be reached in my office at 866 761-7025. Reference number 330536. Thank you."

> "This is a confidential and urgent message intended solely for Mozella Mobley [COMPUTERIZED VOICE SAYS PLAINTIFF'S NAME]. My name is Adam Ward from Harbinger Processing Group. I have been put in place to address a time sensitive claim directly affecting both your name and social security numbers specifically. I did want to be fair in providing you with proper notification so that you had the opportunity to address this matter on a voluntary basis. Please return my call at 866 761-3025 and refer to file number 330536 [COMPUTERIZED VOICE SAYS NUMBER]. For immediate assistance please dial 0 and you will be transferred to a representative. Thank you.

> "Hello this is a confidential and urgent message intended solely for Mozella Mobley. My name is James Drew with the Harbinger Processing Group. I'm contacting you today regarding a previously unresolved matter requiring your immediate attention. I wanted to give you a proper notification and an opportunity to address this matter on a voluntary basis. My phone number here is 866 761-3025. And when calling please refer to reference number 330536. 330536. Thank You."

58. During the same time period, January 2014 to April 2014, seven identical pre-recorded voicemails were left for Plaintiff by Defendant. One of the voicemails is transcribed as follows:

> "This is a confidential and urgent message intended solely for Mozella Mobley [COMPUTERIZED VOICE SAYS PLAINTIFF'S NAME]. My name is Susan Hayward from Harbinger Processing Group. I have been put in place to address a time sensitive claim directly affecting both your name and social security numbers specifically. I did want to be fair in providing you with proper notification so that you have the opportunity to address this matter on a voluntary basis. Please return the call at 866 761-3023 and refer to the file number 330536 [COMPUTERIZED VOICE SAYS NUMBER]. For immediate assistance please dial 0 and you will be transferred to the next available representative. Thank you."

59. In each and every one of Defendant's voicemails, Defendant failed to disclose that the communication was from a debt collector. Each and every voicemail left by Defendant and transcribed herein violates 15 U.S.C. § 1692e(11).

60. In violating 15 U.S.C § 1692e(11), Defendant's actions also violated California Civil Code § 1788.17.

*Respondeat Superior Liability*

61. The acts and omissions of Dylan Walker, Luis Gomez, Anthony Rossi, Adam Ward, James Drew, and Susan Hayward, debt collectors employed as agents by Defendant who communicated with Plaintiff as described in this Complaint, were committed within the time and space limits of their agency relationship with their principal, Defendant.

62. The acts and omissions by Dylan Walker, Luis Gomez, Anthony Rossi, Adam Ward, James Drew, and Susan Hayward, were incidental to, or of the same general nature as the responsibilities that agents were authorized to perform by Defendant in collecting consumer debts.

63. By committing these acts and omissions against Plaintiff, Dylan Walker, Luis Gomez, Anthony Rossi, Adam Ward, James Drew, and Susan Hayward were motivated to benefit their principal, Defendant.

64. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Dylan Walker, Luis Gomez, Anthony Rossi, Adam Ward, James Drew, and Susan Hayward including but not limited to violations of the FDCPA and RFDCPA.

**First Claim for Relief—Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.**

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Within a four year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

67. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

68. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

69. Defendant did not have prior express consent from Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

70. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

71. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

72. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**Second Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 et seq.**

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

75. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1);  statutory damages in an amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Third Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

76. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

77. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

78. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Telephone Consumer Protection Act

1. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) from Defendant;
2. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant;
3. for an injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3(a).

**Fair Debt Collection Practices Act**

4. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;

5. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;

6. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

7. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

8. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

9. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   May 27, 2014.          Law Offices of Roberto Robledo

                                */s/ Roberto Robledo*

                                Attorneys for Plaintiff